**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| L.R., a minor, by and through his next friend and natural guardian, PATRICIA WOOLLETT, | |
| Plaintiff, | CIVIL ACTION NO.: 2:16-cv-58 |
| v. | |
| PALMETTO DIESEL TOWING AND RECOVERY, LLC; CANAL INSURANCE COMPANY; and KEVIN JORDAN, | |
| Defendants. | |

## ORDER FOR SETTLEMENT CONFERENCE

The Court hereby **ORDERS** that this matter is set for a Settlement Conference on Wednesday, March 22, 2017, at 9:30 AM, in Courtroom 1, at the United States District Courthouse, 801 Gloucester Street, Brunswick, Georgia. The Court issues the following directions to counsel and the parties that are designed to increase the efficiency and effectiveness of the Settlement Conference. Counsel shall provide a copy of this Order and the attached addendum to their clients at least ten business days prior to the date of the Settlement Conference.

The Court requires that the parties appear personally at the Settlement Conference. Personal appearance reduces the time for communication of offers and expanding the ability to explore options for settlement. If any party is insured for the claims at issue, a representative of the insurer who has full settlement authority shall also appear in person. At the conference, counsel who will actually try the case and each party, armed with full settlement discretion, shall

be present.  No lawyer, no matter how knowledgeable about the case and skillful in negotiation, is a substitute for a live client.  Having the client available by telephone is not acceptable.

One of the primary purposes of a settlement conference is to have the final decision-making representatives personally participate in the Settlement Conference and hear the presentations of the opposite side.  Only through such direct participation can a representative make settlement decisions which are informed by the Settlement Conference process.  No party is required to settle a case.  However, if a party's representative cannot evaluate and change the party's position based on developments at the settlement conference, then the settlement conference is of no practical value.  Thus, attendance by an inadequately authorized principal defeats the essential purposes of the settlement conference.  If an organization, governmental entity, corporation, or other collective entity is a party, a duly authorized officer or managing agent of that party shall be personally present at the Settlement Conference.  This means that each party must attend the Settlement Conference through a person who is fully authorized to approve a settlement and has the power to change the party's settlement posture during the course of the Conference.  If the party representative has a limit, or "cap" on his or her authority which would require telephone or other consultation with a corporate office or a "home office", this requirement is not satisfied. To be perfectly plain: each party must bring a fully authorized client representative to the settlement conference.  See Lockhart v. Patel, 115 F.R.D. 44 (E.D. Ky. 1987), regarding the potential consequences for failure to comply with this provision.

Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and have made a serious effort to settle the case on their own. Before arriving at the Settlement Conference, the parties are to negotiate and make a

2

good faith effort to settle the case without the involvement of the Court. Specific proposals and counter proposals shall be made.

Each party shall provide to the Undersigned, in confidence, through the Undersigned's Courtroom Deputy Clerk, a concise settlement statement of the evidence the party expects to produce at trial at least **three business days before the conference**. The settlement statement shall not be filed with the clerk, and copies of the settlement statement shall not be provided to the other parties in the case. The settlement statement shall not become a part of the file of the case, but shall be for the exclusive use of the Magistrate Judge in preparing for and conducting the settlement. The parties are directed to be candid in their statements. The settlement statement should include analysis of the strengths **and weaknesses** of the parties' case, include a present settlement proposal, and outline the settlement negotiations to date. The settlement statement should not be lengthy, but should contain enough information to be useful to the Court in analyzing the factual and legal issues in the case. The statement is not to exceed seven typed pages, double-spaced. **If not already part of the Court's record**, copies of any critical agreements, business records, photographs or other documents or exhibits may be attached to the settlement statement.

The purpose of the conference is to facilitate settlement of this case, if that is appropriate. The conference will be conducted in such a manner as to not prejudice any party in the event settlement is not reached. To that end, all matters communicated to the Undersigned in confidence will be kept confidential and will not be disclosed to any other party, or to the trial judge. The Undersigned will not serve as the trial judge in this case. The parties agree, by participating in the settlement conference, that any statements made or presented during the

conference are confidential and may not be used as evidence in any subsequent administrative or judicial proceedings.

At the mediation, the parties, through counsel, should be prepared to give a brief presentation outlining the factual and legal highlights of the case. Separate, confidential caucuses will then be held with counsel for each party and the parties or a party's representative(s). Attached is an addendum entitled "Settlement Conference Preparation" for counsel to review with the parties prior to the mediation to make the best use of the limited time allotted.

It is the Court's experience that parties appear frequently at settlement conferences fully prepared to argue liability with passion but without any detailed analysis of damages. This is not productive to the settlement conference process. Accordingly, all parties are directed to be prepared to present in detail, and with reference to supporting documents if so ordered, a thorough analysis of the potential categories and amounts of damages which might reasonably be awarded at trial if plaintiff prevails in whole or in part. This provision applies to defendants with equal force.

Failure of any party to comply with any of the conditions of this Order may result in the Settlement Conference being rescheduled, with the party responsible to bear all associated costs. If any party believes this case presents an exceptional circumstance which would justify a variance from these rules, that party must contact the Magistrate Judge's office no later than five business days before the Settlement Conference to request a waiver of the rules. Waivers are

granted only by the Magistrate Judge and only on a showing of specific facts constituting exceptional circumstances. No such waiver will be valid unless entered into the record by the Court.

**SO ORDERED**, this 7th day of March, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# SETTLEMENT CONFERENCE PREPARATION

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences are more efficient if all parties and counsel are prepared. Consider the following points, some of which may not apply, to aid in the effectiveness of your settlement conference.

A. FORMAT

    1. The Court will use a mediation format, and private caucusing with each side; the judge may address your client directly.

    2. The judge will not meet with parties separate from counsel.

B. ISSUES

    1. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue? What is your most persuasive argument?

    2. What remedies are available resulting from this litigation including a trial? From a settlement? Are there any remedies or structure of remedies available through settlement that are not available through trial?

    3. Is there any ancillary litigation pending or planned which affects case value? What about liens?

    4. Do you have enough information to value the case? If not, how are you going to get more information before the conference?

    5. Do attorney's fees or other expenses affect settlement? Have you communicated this to the other side?

    6. Is each Defendant and/or its carrier solvent?

C. AUTHORITY

    1. Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do we need to include a representative of the lien holder? If so, contact the judge and a notice of the settlement conference will be sent.

    2. Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do we need to include the representative from more than one company/carrier?

D. NEGOTIATIONS

1. Where did your last discussion end?

2. Discuss settlement with the opposing parties before the mediation to make it proceed more efficiently. At least one offer and response is required.

3. What value do you want to start with? Why? Have you discussed this with your client?

4. What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times? Does your client understand why?

5. Is there confidential information which affects case value? Why can't/won't/shouldn't it be disclosed? How can the other side be persuaded to change value if it doesn't have this information?

6. What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why? What might change the outcome of the settlement conference? Pending motions, discovery, expert's report, etc.

E. CLOSING

1. Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers of judgment?

2. How soon could checks/closing documents be received?

3. If settlement is not reached, and further discovery is needed, what is your plan for continuing settlement discussions? Do you want the Court involved in these talks?

4. If settlement is not reached, be prepared to discuss it again at the pretrial conference.